## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| REGINA H. FLORENCE,<br><br>               Plaintiff,<br><br>v.<br><br>CENLAR FEDERAL SAVINGS & LOAN; SELECT PORTFOLIO SERVICING, INC.; SHELLPOINT MORTGAGE SERVICING; EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>               Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit

and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  REGINA H. FLORENCE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CENLAR FEDERAL SAVINGS & LOAN ("Cenlar"), SELECT PORTFOLIO SERVICING, INC. ("SPS"), SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

3.  Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

4.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5.  This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

6.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark

County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

**PARTIES**

7.  Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.  Defendant Cenlar is a corporation doing business in the State of Nevada.

9.  Defendant Cenlar is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

10. Defendant SPS is a corporation doing business in the State of Nevada.

11. Defendant SPS is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

12. Defendant Shellpoint is a corporation doing business in the State of Nevada.

13. Defendant Shellpoint is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

14. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

15. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## GENERAL ALLEGATIONS

16. On or about 3/27/2012, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq.* Plaintiff's case was assigned Case Number 12-13518-mn (the "Chapter 13" or "Bankruptcy").

17. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

18. The Bankruptcy Court confirmed Plaintiff's 100% Chapter 13 Plan.

19. Plaintiff made all payments required under the terms of the Confirmed Chapter 13 plan.

20. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

21. None of the Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

22. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on 1/24/2014.

23. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

24. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

25. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

26. The adverse information reported by Defendants was based on each Defendant's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in the Plaintiff's Chapter 13 Plan.   Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate, since all the Plaintiff's pre-bankruptcy creditors (whether eventually discharged or not) were subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending.

27. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

28. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

29. The Metro 2 Format guidelines for credit reporting are nearly identical for reports made during the "Months Between Petition Filed and BK Resolution" and after "Plan Completed" for Chapter 13 Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs. See CDIA Credit Reporting Resource Guide, page 6-20, 21.

30. Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id.*

31. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

32. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id.*

33. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

34. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

## THE EXPERIAN VIOLATIONS

### Cenlar Misreported Credit Information

### RE: Account No. ...2783*

35. In an Experian credit report dated September 30, 2015, Cenlar reported that Plaintiff was late making payments. *See* a true and correct redacted copy attached hereto as **"Exhibit 1"**. Specifically, Cenlar reported that the account was 180 days past due every month from March 2012 through December 2012. *Id.* This was inaccurate, since the Plaintiff performed all obligations required under the Chapter 13 Plan and obtained a discharge. Moreover, Cenlar was paid according to the Chapter 13 Plan by the Chapter 13 Trustee and it was inaccurate for Cenlar to report that the Plaintiff was "past due" after the Chapter 13 filing, since the Plaintiff fully performed under the Chapter 13.

36. Additionally, since the asset underlying Cenlar's Debt was surrendered in the Chapter 13, the Plaintiff's obligation to repay this debt was

8

unenforceable. Therefore, reporting that the Plaintiff was "late" in paying an unenforceable obligation was clearly inaccurate in-itself.

37. On or about November 9, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Cenlar's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Cenlar. *Id.*

38. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Cenlar Federal Savings & Loan<br>425 Phillips Blvd<br>Ewing, NJ 08618 |
|---|---|
| Furnisher Acct. No.: | ...2783.... |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 3/27/2012 and discharged 1/24/2014, bearing docket No. 12-13518-mn in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Apr2012 – Dec2012 (180 days past due). |

39. Upon receiving the Experian Dispute Letter, Experian timely notified Cenlar of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

40. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

9

41. On or about November 26, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1212-6902-01) that Cenlar and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6). *See* a true and correct redacted copy attached hereto as **"Exhibit 2"**.

42. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments, since Plaintiff obtained a discharge.

43. Cenlar and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

44. Cenlar and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

45. Cenlar and Experian re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Cenlar and Experian still reported that the account was 180 days past due every month from March 2012 through December 2012.

46. Cenlar and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

47. Due to Cenlar's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

48. Plaintiff's continued efforts to correct Cenlar's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Cenlar and Experian were fruitless.

49. Cenlar's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

50. Also as a result of Cenlar's and Experian' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

51. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Cenlar and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## SPS Misreported Credit Information

## RE: Account No. ...1288

52. In an Experian credit report dated September 30, 2015, SPS inaccurately reported that the Plaintiff still owed an outstanding balance of $305,876 even though SPS's debt was discharged in the Bankruptcy. *See* **"Exhibit 1"**. It was therefore inaccurate for SPS to report a balance any greater than $0.

53. SPS also inaccurately reported that the Plaintiff was "past due" in the amount of $12,366. Since Plaintiff discharged SPS's debt, there was a $0 balance due at the time SPS reported the past due balance. Accordingly, reporting the past-due balance was inaccurate resulting from the Bankruptcy discharge.

54. SPS also reported an account "status" of "Chapter 13 Bankruptcy dismissed. $12,366 past due as of Sep 2012". This was inaccurate, since the Plaintiff performed all obligations required under the Chapter 13 Plan and obtained a discharge. Moreover, SPS was paid according to the Chapter 13 Plan by the

12

Chapter 13 Trustee and it was inaccurate for SPS to report that the account status was "Chapter 13 Bankruptcy dismissed. $12,366 past due as of Sep 2012" after the Chapter 13 filing, since the Plaintiff fully performed under her Chapter 13.

55. Additionally, since the asset underlying SPS's Debt was surrendered in the Chapter 13, the Plaintiff's obligation to repay this debt was unenforceable. Therefore, reporting that the Plaintiff was "late" in paying an unenforceable obligation was clearly inaccurate in-itself.

56. On or about November 9, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed SPS's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SPS. *Id.*

57. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Select Portfolio Servicing<br>3815 S West Temple Ste 2000<br>Salt Lake City, UT 84115 |
| --- | --- |
| Furnisher Acct. No.: | ...1288.... |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 3/27/2012 and discharged 1/24/2014, bearing docket No. 12-13518-mn in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show the Recent balance: $305,876 as of Sep 2012 |

| | and the Status: Chapter 13 Bankruptcy Dismissed. $12,366 past due as of Sep 2012. |
| --- | --- |

58. Upon receiving the Experian Dispute Letter, Experian timely notified SPS of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

59. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

60. On or about November 26, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1212-6902-01) that SPS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and reported the account as "Remains". *See* **"Exhibit 2"**.

61. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments, since Plaintiff obtained a discharge.

62. SPS and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

63. SPS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

64. SPS and Experian reported inaccurate derogatory information on Plaintiff's report. Specifically, SPS and Experian inaccurately reported that the account was 180 days past due in September 2012, and this was inaccurate since the Plaintiff performed all obligations required under the Chapter 13 Plan and obtained a discharge.

65. SPS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

66. Due to SPS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

67. Plaintiff's continued efforts to correct SPS's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with SPS and Experian were fruitless.

68. SPS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

69. Also as a result of SPS's and Experian' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

70. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, SPS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Shellpoint Misreported Credit Information

## RE: Account No. ...1539...

71. In an Experian credit report dated September 30, 2015, Shellpoint inaccurately reported that the Plaintiff still owed an outstanding balance of $731,619 even though Shellpoint's debt was discharged in the Bankruptcy. *See* **"Exhibit 1"**.   It was therefore inaccurate for Shellpoint to report a balance any greater than $0.

72. Shellpoint also reported inaccurate notations on Plaintiff's credit report. Specifically, Shellpoint inaccurately noted that Plaintiff was 180 days past due every month from March 2014 through June 2014. This was inaccurate because the debt owed to Shellpoint was discharged at that time. Furthermore, Shellpoint noted that foreclosure proceedings started every month from July 2014 through June 2015 and in the month of August 2015.

73. Also, Shellpoint inaccurately reported balances from March 2014 through June 2015. Since Plaintiff discharged Shellpoint's debt, there was a $0 balance due any time after the discharge date of 1/24/2014 and reporting the past-due balance was inaccurate resulting from the Bankruptcy discharge.

74. Shellpoint also reported an account "status" of "Foreclosure proceedings started. $358,078 past due as of Aug 2015". This was inaccurate, since the Plaintiff performed all obligations required under the Chapter 13 Plan and obtained a discharge.

75. Additionally, since the asset underlying Shellpoint's Debt was surrendered in the Chapter 13, the Plaintiff's obligation to repay this debt was unenforceable. Therefore, reporting the above disputed information was clearly inaccurate in-itself.

76. On or about November 9, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Shellpoint's reported information regarding its reported

obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Shellpoint. *Id.*

77. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Shellpoint Mortgage Serv<br>55 Beattie Pl Ste 110<br>Greenville, SC 29601 |
|---|---|
| Furnisher Acct. No.: | …1539…. |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 3/27/2012 and discharged 1/24/2014, bearing docket No. 12-13518-mn in the District for Nevada.  There should be no derogatory reporting after the filing date.  Specifically, please remove the derogatory information for the following post-bankruptcy dates: Mar2014 – Jun2014 (180 days past due) and Jul2014 – Jun2015 (FS – Foreclosure proceedings started) and Aug2015 (FS – Foreclosure proceedings started).<br><br>• This account was discharged in my Bankruptcy which was filed on 3/27/2012 and discharged 1/24/2014, bearing docket No. 12-13518-mn in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show a Recent balance of $731,619 as of Aug 2015 and the Status: Foreclosure proceedings started. $385,078 past due as of Aug 2015. Also, in the Account history you show Account Balances from Mar14 – Jun15. |

78. Upon receiving the Experian Dispute Letter, Experian timely notified Shellpoint of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

79. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

80. On or about November 26, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1212-6902-01) that Shellpoint and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and reported the account as "Remains". *See* **"Exhibit 2"**.

81. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments, since Plaintiff obtained a discharge.

82. Shellpoint and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

83. Shellpoint and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

84. Shellpoint and Experian re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, Shellpoint and Experian still inaccurately reported balances from March 2014 through September 2015, and since

Plaintiff discharged Shellpoint's debt, there was a $0 balance due any time after the discharge date of 1/24/2014.

85. Shellpoint and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

86. Due to Shellpoint's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

87. Plaintiff's continued efforts to correct Shellpoint's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Shellpoint and Experian were fruitless.

88. Shellpoint's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

89. Also as a result of Shellpoint's and Experian' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the

Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

90. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Shellpoint and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Experian Incorrectly Reported a Judgement

## RE: Docket No. ...A671037

91. In an Experian credit report dated September 30, 2015, Experian reported that a Judgement was entered against Plaintiff in the amount of $306,724 by Wells Fargo Bank, NA. *See* **"Exhibit 1"**. This judgement was obtained after the Plaintiff filed for Bankruptcy and without court permission. Furthermore, the debt owed to Wells Fargo Bank NA was discharged through Plaintiff's Bankruptcy.

92. On or about November 9, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Experian's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Experian. *Id.*

93. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| JUDGMENT INFORMATION and REQUESTED ACTION | |
|---|---|
| Court: | Clark Co District Ct |
| Docket No.: | A671037 |
| Date filed: | 04/01/2013 |
| Plaintiff: | Wells Fargo Bank NA |
| Amount: | $306,724 |
| Requested Action: | This Judgment was obtained after my bankruptcy was filed. It was therefore in violation of the automatic stay to obtain this judgment without first obtaining court permission. Since there was no court permission obtained (or any basis for obtaining same), your report of a judgment should be removed immediately. Further, you must also report that this debt was discharged in bankruptcy." |

94. Upon receiving the Experian Dispute Letter, Experian was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

95. On or about November 26, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 1212-6902-01) that Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6). *See* **"Exhibit 2"**.

96. A reasonable investigation by Experian would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments, since Plaintiff obtained a discharge.

97. Experian failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. Id.

98. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

99. Notwithstanding Experian's obligation to report this Debt was discharged and unenforceable, Experian re-reported the judgment information on Plaintiff's report.   Specifically, Experian still inaccurately reported an outstanding judgement by Wells Fargo Bank, NA against Plaintiff in the amount of $306,724 and failed to note the debt was discharged in Bankruptcy or disputed by the Plaintiff.

100.   Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

101.   Due to Experian's failure to reasonably investigate Plaintiff's dispute, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

102.    Plaintiff's continued efforts to correct Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Experian were fruitless.

103.    Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

104.    Also as a result of Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

105.    By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

106.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107.     The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

108.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

109.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

///

///

///

///

///

///

## TRIAL BY JURY

110.     Pursuant to the seventh amendment to the Constitution of the United

States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: March 16, 2016

                                       Respectfully submitted,
By: /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff