UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINA FLORENCE, | Case No. 2:16-cv-00587-GMN-NJK |
| Plaintiff(s), | ORDER FOR SUPPLEMENTAL SUBMISSIONS |
| vs. | |
| CENLAR FEDERAL SAVINGS & LOAN, et al., | (Docket Nos. 50, 55) |
| Defendant(s). | |

Pending before the Court are twelve motions to seal. Docket Nos. 50, 54, 55, 56, 78, 79, 80, 81, 100, 101, 106, 107. Through these motions to seal, the parties seek to keep secret <u>every word in forty filings</u> made in conjunction with their pending motions for summary judgment, <u>totaling by the Court's calculation 10,793 pages</u>. *See* Docket Nos. 51, 53, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 102, 103, 104, 105, 108, 109 (filed under seal pending resolution of motions to seal).[1] The only documents not filed under seal in conjunction with the summary judgment motions are certificates of service, stipulations for extensions, an appendix with a table of exhibits, and the motions to seal. Even some purely administrative documents were filed under seal. *See, e.g.*, Docket No. 98 (declaration of Plaintiff's counsel explaining why he did not effect paper service of Plaintiff's brief and exhibits). Moreover, the parties acknowledge

---

[1] Several of these filings also have numerous exhibits, making the total number of filings at issue significantly higher than forty.

that some of the documents they have filed under seal are not confidential. *See, e.g.*, Docket No. 50 at 5 (explaining that seven "non-sensitive" exhibits were filed under seal "out of an abundance of caution"); Docket No. 55 at 2 (similarly arguing that documents "contained in the public record" should be sealed "out of an abundance of caution"). This kind of blanket approach is incompatible with the applicable standards established by controlling Ninth Circuit authority.[2]

At this time, the Court declines to rule on the twelve motions to seal. Instead, the Court will provide guidance on two of them and allow the parties an opportunity to supplement or revise their positions. In particular, the parties shall file joint supplements to Defendant Experian's motion to seal at Docket No. 50 and to Plaintiff Regina Florence's motion to seal at Docket No. 55. Such supplements shall be filed no later than March 31, 2017, and must comply with the instructions outlined below.

**I.   STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having

---

[2] The Court is well aware that complying with the Ninth Circuit sealing directives in this case may require the commitment of significant resources by the parties and by this Court. *See, e.g.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 240359, at *2 (reviewing exhibits one-by-one, and declarations paragraph-by-paragraph to determine whether sealing and/or redaction is appropriate). The parties have not, however, cited any case law indicating that the voluminous nature of a filing or a set of filings exempts a case from those directives or that the applicable standards should otherwise be relaxed.

access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, __ F. Supp. 3d ___, 2016 WL 5870797, at *2 (E.D. Cal. Oct. 7, 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S.

3

501 (1986)).  As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents.  *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.    DOCKET NO. 50**

Through this motion, Defendant seeks to seal the entirety of its motion for summary judgment and hundreds of pages of exhibits.  *See* Docket No. 50; *see also* Docket No. 51 (materials for which sealing is sought).  Defendant has not established compelling reasons for sealing and, further, has not established that redaction is not a viable option to the extent some of the information at issue merits secrecy.

A.    Defendant's Information

Defendant seeks to seal information related to its business procedures, including its internal procedures for investigating claims.  Docket No. 50 at 4.  Defendant contends that such information is "sensitive," "proprietary," and "confidential."  *Id.* at 3, 4.  Without elaboration, Defendant represents that the secrecy of the information is "incalculably valuable."  *Id.* at 4.  The conclusory assertions posited fail to establish compelling reasons.  *See, e.g.*, *Kamakana*, 447 F.3d at 1182.  Moreover, Defendant has failed to provide any specific factual support, through declaration or otherwise, on which this Court could articulate a basis to seal documents.  *See id.* at 1178-79.  As such, an insufficient basis has been presented to seal the materials at issue based on Defendant's asserted interest in confidentiality.

B.    Plaintiff's Information

The bulk of Defendant's motion to seal relates to concerns regarding Plaintiff's personal information.  To the extent this concern relates to Plaintiff's personal identifiers and financial account numbers, that information must be redacted without Court order.  *See, e.g.*, Fed. R. Civ. P. 5.2.[3]  To the extent this concern goes beyond the scope of Rule 5.2, conclusory assertions of an opposing party's

---

[3] The Court fails to discern how the existence of such information would suffice to seal entire documents, as opposed to redacting it.  Indeed, it appears that some of the currently-sealed documents already redact personal identifiers.  *See, e.g.*, Docket No. 51-5 at 8 (redacting financial account numbers).

4

privacy or confidentiality interests do not establish compelling reasons. Instead, the filing party should meet-and-confer with the opposing party before filing such information to determine if a basis for sealing exists and, if so, should obtain a declaration from the opposing party detailing the reasons for seeking to seal it. *Cf.* Docket No. 31 at 2. No such declaration was submitted.

### C. Redaction

The motion seeks to seal the entirety of the motion for summary judgment, and the entirety of all exhibits thereto. Defendant states in conclusory fashion that redaction "is simply not an option as it is impossible to parse the sensitive information, which appears throughout the document, from the non-sensitive information." Docket No. 50 at 4. This contention is not persuasive.[4] As a threshold matter, a party making such an assertion should identify with specificity which parts of a document or documents it contends warrant secrecy. *See Foltz*, 331 F.3d at 1137. Defendant has not done so, leaving the Court to guess exactly what statements or information in each document Defendant believes warrant secrecy. Moreover, the summary judgment brief itself contains large swaths of non-sealable content, including legal standards, legal discussion, and discussion of the (already-public) pleadings in this case. The Court will not sift through the documents itself to determine *sua sponte* what (if anything) warrants secrecy. To the extent Defendant (or Plaintiff(s)) believe any of the factual contentions made in the summary judgment brief merit secrecy, they must identify that statement with particularity and must provide an explanation (properly supported) as to why that is the case. Similarly, Defendant (or Plaintiff(s)) must specifically identify any portion of the exhibits at issue that they believe merit secrecy and support that contention.

Defendant similarly takes the position that it cannot file publicly seven admittedly non-sensitive documents because "it is difficult" to do so. *Id.* at 5. Such contention is not persuasive. As noted

---

[4] Defendant's motion appears at some points confused about the redaction process. In particular, Defendant contends that certain documents "cannot be successfully redacted without significantly affecting Experian's ability to defend itself." Docket No. 50 at 5. Redaction should have no impact on Defendant's ability to defend itself. Instead, an unredacted version would be filed under seal (which can inform the Court's decision and allow Defendant to present whatever information and/or argument it deems necessary), while a redacted version will be filed on the public docket so that confidential information is not disseminated publicly. Filing a redacted public version has no impact on Defendant's ability to present its arguments.

above, a request to seal must be narrowly tailored to encompass only information that meets the applicable standard. Moreover, it is common practice for attorneys to file a public version of a declaration attaching exhibits with place-holders for sealed exhibits and a complete copy of the non-confidential exhibits. No indication is made why that was not done here. The Court is unable to find an appropriate justification to seal entire exhibits that are admittedly not confidential.

### III. DOCKET NO. 55

Plaintiff's motion to seal seeks the sealing of her motion for summary judgment, and all exhibits filed in support thereof. Docket No. 55 at 2. As with Defendant's motion to seal, Plaintiff's motion seeks to seal every word of hundreds of pages of briefing and exhibits. The reasons provided by Plaintiff are even more bare-bones than those provided by Defendant, contending that an assertion of confidentiality "has been or could be claimed" for unidentified documents produced in discovery. *Id.*[5] Plaintiff continues on to explain that some deposition testimony contains reference to medical conditions. *Id.*[6] Plaintiff lastly asserts that she "believes it best to seal all exhibits attached to the Motion for Partial Summary Judgment out of an abundance of caution," even those that are already "contained in the public record." *Id.* To the extent the motion to seal even purports to argue that some of the information is confidential, the factually unsupported and conclusory assertions provided to establish compelling reasons. To the extent the motion to seal seeks to maintain the secrecy of documents or information that is admittedly not confidential, such a request is not narrowly tailored and sufficient justification is not provided for redaction rather than outright sealing. As such, the motion fails to establish compelling reasons for sealing for the same reasons as Defendant's motion fails.

---

[5] Although it is not entirely clear whether Plaintiff is making such an argument, the mere fact that a party has designated a document confidential under a blanket stipulated protective order does not justify its sealing. *See, e.g.*, Docket No. 31 at 2 ("The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)").

[6] Plaintiff notes that certain personal identifiers should not be made public. *Id.* No explanation is provided why that concern cannot be addressed through redactions already mandated by Rule 5.2.

## IV. CONCLUSION

The pending motions to seal at Docket Nos. 50 and 55 fail to justify sealing the underlying materials. The Court will allow the parties one further opportunity to seek to seal the underlying information. A joint supplement shall be filed on each motion no later than March 31, 2017. The joint supplement must identify with particularity by page and line each portion of the underlying documents in which Plaintiff(s) and/or Defendant contend information exists that should be sealed under the compelling reasons standard. For each such contention, the party or parties seeking sealing must provide an explanation why they believe the compelling reasons standard has been met. For each such contention, the party or parties seeking sealing must point to a declaration or other competent evidence making a specific factual showing to support their contention that compelling reasons exist. To the extent the party or parties believe that redaction is truly not practicable with respect to any particular document, they must provide a meaningful explanation in support of that position consistent with the standards outlined above.

**In the interim, the Clerk's Office shall continue to maintain the subject documents under seal.**

IT IS SO ORDERED.

DATED: March 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge