# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REGINA FLORENCE, | Case No. 2:16-cv-00587-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| CENLAR FEDERAL SAVINGS & LOAN, et al., | |
| Defendant(s). | |

Pending before the Court are five motions for summary judgment and twelve related motions to seal. Docket Nos. 50, 51, 53, 54, 55, 56, 57, 58, 66, 78, 79, 80, 81, 100, 101, 106, 107. Through the motions to seal, the parties have sought to seal 40 separate filings, including the subparts thereto. *See* Docket Nos. 51, 53, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 102, 103, 104, 105, 108, 109. On March 20, 2017, the Court issued an order outlining the governing standards established by the Ninth Circuit and requiring a supplement with respect to two of the motions to seal, while deferring ruling on the other ten motions to seal. Docket No. 111. On March 30, 2017, the Court held a telephonic hearing regarding logistical challenges in complying with the Court's order. As stated on the record, rather than working through those issues based on the currently-filed documents, counsel for both parties and the Court agreed that the better course is to strike the currently-filed documents from the record (maintaining them under seal) and having counsel file amended versions of those documents that may omit unnecessary exhibit pages. Counsel and the Court also agreed that counsel should have an opportunity to confer prior to filing renewed motions to seal so that each side may evaluate whether sealing is appropriate, submit appropriate factual support with any renewed motion to seal, and otherwise streamline the process of renewing and adjudicating motions to seal.

Based on the circumstances, the Court therefore **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to **STRIKE** from the record Docket Nos. 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108 and 109.

- Having been stricken, the Clerk's Office is **INSTRUCTED** to maintain these documents under seal.

- The parties are **ORDERED** to engage in the meet-and-confer process as identified on the record at the telephonic hearing.

- The parties are **ORDERED** to file, no later than April 28, 2017, their summary judgment motions, subsequent briefing, and exhibits thereto. Those filings may omit portions of exhibits that are unnecessary to the resolution of the summary judgment motions, and may also alter citations as necessary based thereon. No substantive changes may be made to the motions or briefs.

- The parties are **ORDERED** to file, no later than April 28, 2017, joint motions to seal related to the refiled motions, briefs, and exhibits. Such joint motions shall comport with the standards and guidance provided in Docket No. 111, including that they must identify with particularity by page and line the information for which a party or parties contend information exists that should be sealed under the "compelling reasons" standard. Moreover, any sealing requests shall be narrowly tailored, shall include reference to specific factual support, and shall include meaningfully developed argument as to why the "compelling reasons" standard has been met for each particular reference at issue. To the extent applicable, any sealing requests shall also make clear why the sealing of an entire document is appropriate rather than redaction.

IT IS SO ORDERED.

DATED: March 30, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge