# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REGINA FLORENCE, ) Case No. 2:16-cv-00587-GMN-NJK
)
        Plaintiff(s), ) ORDER
)
vs. )
)
CENLAR FEDERAL SAVINGS & LOAN, et al., )
)
        Defendant(s). )

The Court previously provided the parties with an opportunity to redo their summary judgment filings and accompanying sealing requests given numerous problems with the initial effort. *See* Docket Nos. 111, 114. Pending before the Court are roughly 45 filings in relation to four renewed motions for summary judgment, and two renewed requests to seal. Docket Nos. 115-159. Unfortunately, this renewed effort continues to be plagued by several problems. *See, e.g.*, Docket No. 122 (emergency motion filed in relation to motion improperly filed on the public docket). For the reasons discussed below, <u>and as a final courtesy to the parties and counsel</u>, the Court will **STRIKE** Docket Nos. 115-152, 154-157, and 159, **DENY** without prejudice the motions for summary judgment at Docket Nos. 115, 118, 124, 128, 134, and 151, and **DENY** as moot the motions to seal at Docket Nos. 153 and 158.

## I. FILING OF MATERIALS GENERALLY

As noted above, the Court and the parties agreed that the best course was to strike the first wave of summary judgment filings so that they could be refiled in accordance with applicable standards and through the coordinated efforts of counsel. *See, e.g.*, Docket No. 114. Unfortunately, counsel have

refiled those documents in a haphazard manner. By way of example, the reply to Defendant's summary judgment motion with respect to Plaintiff William Florence was filed before the response to that motion. *Compare* Docket No. 148 (reply) *with* Docket No. 158 (response). Some of the filings are also incorrectly linked to the associated filing. *See, e.g.*, Docket Nos. 142, 146 (two different replies that were each docketed as related to the summary judgment motion at Docket No 115). Counsel were also simultaneously uploading their filings, such that they are not grouped appropriately. *See* Docket Nos. 140-45 (interspersing documents related to a response to a motion for summary judgment (and supporting documents) with another party's reply to a different motion for summary judgment (and supporting documents)).

The Court declines to expend further resources attempting to divine which filings accompany which motion, especially since such an effort would be repeated by Chief Judge Navarro in ruling on the motions for summary judgment themselves. Instead, the Court will **STRIKE** these filings so that counsel can file them in an organized manner. Counsel shall coordinate with one another such that each motion and accompanying briefing is filed in the proper sequence and in one group. Hence, for each motion, counsel shall file: (1) the underlying motion, any sealed version thereof, supporting documents, and any sealed versions thereof; (2) then the response, any sealed version thereof, supporting documents, and any sealed versions thereof; and (3) then the reply, any sealed version thereof, supporting documents, and any sealed versions thereof. Only after all of the filings have been made with respect to an underlying motion and subsequent briefing shall counsel then file the next motion and repeat this process. All of the subject refilings shall be made by May 29, 2017.

**II.   SEALING REQUESTS**

Given that the Court is striking the underlying materials, the Court will **DENY** without prejudice the sealing requests. Based on the Court's preliminary review of the motions, however, there are several issues that are better addressed at this time.

First, the motions to seal relate in part to exhibits purportedly filed by Plaintiffs in support of their motions and briefs. *See, e.g.*, Docket No. 153 at 8 n.3, 11. While Plaintiffs filed placeholders for those exhibits, *see, e.g.*, Docket No. 145-11, it does not appear that they ever filed any corresponding documents under seal. The Court cannot address the sealing of documents that have not been filed, nor

can Chief Judge Navarro consider those documents in ruling on summary judgment based on placeholders.

Second, Experian argues that a showing of compelling reasons has been made based on its extensive citation to the Methvin declaration, which is purportedly attached as Exhibit A to the motion to seal. Docket No. 153 at 2, 5-10. No declaration was attached to the motion to seal, however.

Third, the parties seek to keep secret references to certain of Plaintiff's medical conditions that do not form the basis upon which she seeks redress, but the pending motion to seal itself was filed on the public docket and identifies those medical conditions. Docket No. 153 at 12; *see also* Docket No. 118 (previous public filing that was sealed after the fact on an interim basis). "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). "There is thus an inherent logical dilemma underlying the parties' requests because information that has already entered the public domain cannot in any meaningful way be later removed from the public domain." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, *2-7 (D. Ariz. Apr. 25, 2012) (denying after-the-fact requests to seal portions of transcript of hearing that was open to the public); *see also Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[p]ublic disclosure cannot be undone"); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("once a fact is widely available to the public, a court cannot grant 'effective relief' to a person seeking to keep that fact a secret"); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238-40 (9th Cir. 2012) ("[t]his relief is no longer available because the petitions are now available to the public"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) ("The genie is out of the bottle . . . We have not the means to put the genie back"). It appears that the ship has sailed here with respect to these medical conditions that have been publicly revealed on at least two occasions.

Fourth, the parties' positions with respect to sealing excerpts of the transcript of Dr. Rasool are not sufficiently developed. Docket No. 153 at 11-12. On the one hand, the parties acknowledge that they have discussed in the briefing the pertinent contents of that transcript. *Id.* The parties nonetheless argue that a proper balance to protect Plaintiff's privacy is to seal the transcript itself. *Id.* As an initial matter, the Court fails to discern the logic in this position. There is no point in sealing transcripts that echo the information disclosed in publicly-filed documents. Moreover, while the parties reference

ancillary discussion in the transcript not necessary to resolving the motions for summary judgment, they fail to make specific citation to the information at issue such that the Court can make a determination as to whether it is indeed properly kept secret.[1] Any renewed motion must specifically cite by page and line the information the parties contend is not relevant to the summary judgment motions and that they believe to be sufficiently sensitive that secrecy is appropriate.

Fifth, the parties' position for sealing, rather than redaction, is at times disconnected from the applicable standard. For example, the parties argue that "[s]eal[ing], rather than redaction, is appropriate here because Dr. Rasool's deposition covers detailed analysis of Lead Plaintiff's medical conditions, the bases for those diagnoses, and extensive references to her HIPAA-protected records." Docket No. 153 at 11-12. This contention does not actually address whether such information so pervades the underlying document that redaction is not feasible. *See* Docket No. 111 at 4. Moreover, the Court cannot determine whether redaction should be ordered given that the parties have failed to indicate with any specificity the testimony that they would like to keep secret, a problem exacerbated by the fact that they concede that some of the medical information can be (and has been) disclosed publicly.

Sixth, the sealing materials repeatedly reference Rule 5.2 of the Federal Rules of Civil Procedure. *See, e.g.*, Docket No. 153 at 2. The application of this rule is not apparent on its face, however, and the parties do not explain how is supports sealing in this case. *Compare* Docket No. 147-10 (deposition testimony regarding medical conditions) *with* Fed. R. Civ. P. 5.2 (concerning the redaction of "an individual's social security number, taxpayer-identification number, or birth date, the name of a person known to be a minor, or a financial-account number"). To the extent the parties are relying on this rule, they must explain with particularity how it pertains to any renewed sealing request.

Any sealing request filed with the renewed summary judgment motion practice shall be filed in accordance with this order. As the Court has stated before, the Ninth Circuit has made clear that there is a *strong presumption* of public access and parties seeking sealing have the burden of overcoming that presumption. *See, e.g.*, Docket No. 111 at 2 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d

---

[1] To the extent the parties are referring to testimony regarding the medical conditions discussed above, there appears to be no reason for sealing at this point.

1172, 1178 (9th Cir. 2006) and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Court has now given the parties and their counsel several opportunities to properly seek sealing and to meet this burden. **There will be no further opportunities provided.**[2]

### III. CONCLUSION

For the reasons discussed more fully above, the Court hereby **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to **STRIKE** Docket Nos. 115-152, 154-157, and 159. The stricken materials shall be sealed.
- The Court hereby **DENIES** without prejudice the pending motions for summary judgment at Docket Nos. 115, 118, 124, 128, 134, and 151.
- Counsel are **ORDERED** to refile the summary judgment motions, briefing, and supporting materials in accordance with the instructions above in Section I. All of the subject filings shall be made by May 29, 2017.
- In light of the striking ordered above, the Court hereby **DENIES** as moot the motions to seal at Docket Nos. 153 and 158. Any renewed request to seal shall be made by May 29, 2017.

IT IS SO ORDERED.

DATED: May 15, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The issues discussed herein are those identified through the Court's preliminary review of the sealing request and do not necessarily constitute a full discussion of the problems inherent in the request. The Court is not herein expressing any opinion as to the remainder of the sealing request and, in particular, is not opining implicitly that the sealing request is otherwise meritorious.