# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REGINA FLORENCE, | Case No. 2:16-cv-00587-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| CENLAR FEDERAL SAVINGS & LOAN, et al., | (Docket No. 180) |
| Defendant(s). | |

Pending before the Court is the joint motion to seal certain of Defendant Experian's business materials submitted in relation to the pending motions for summary judgment. Docket No. 180.[1] The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79. In this case, the parties seek to seal business documents that Experian has invested significant money into creating, that it has kept secret, and the unsealing of which would give its competitors an unfair business advantage. *See, e.g.*, Docket No. 180 at 15-18 (Methvin

---

[1] The Court has elsewhere addressed at length the pertinent standards and considerations for such a motion. Docket Nos. 111, 160. For the sake of brevity, such discussion will not be repeated.

Decl.). The Court concludes that the motion establishes compelling reasons for the sealing of this information that outweigh the public's interests in accessing it. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 (identifying trade secrets as one type of information for which sealing is appropriate under the compelling reasons standard). The Court further finds that redaction is not feasible.

Accordingly, the motion to seal is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: May 25, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge